511 P.2d 730

**Marion McBRIDE, Plaintiff and Respondent,**

v.

**Olga Bader McBRIDE, Defendant and Appellant.**

**No. 13200.**

Supreme Court of Utah.

June 27, 1973.

George W. Preston, of Preston, Harris, Harris, & Preston, Logan, for defendant and appellant.

Walter G. Mann, of Mann & Hadfield, Brigham City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment prompted by a petition filed by Mrs. McBride, defendant below, asking that an eleven-year, rusty divorce decree be disinterred and vacated, and asking the trial court, in substance and effect, to retry this case, or failing that, to reappraise property right and support matters. Affirmed with no costs awarded.

Believable facts may be abstracted as follows:

The parties were married in March, 1953, after signing a prenuptial agreement where each relinquished rights against the other save in the event of separation in which Mr. M agreed to pay $40 per month to support their little girl. Instead of separating, (a fait accompli prior to the marriage) they got together sporadically and rarely until 1958, according to questionable and debatable testimony, when Mr. M filed a divorce action in which Mrs. M properly was served. Mrs. M, through counsel, filed an answer and counterclaim, which latter were dismissed in a proper proceeding. She failed to answer interrogatories put to her. A default decree was entered

in October, 1961, in which Mr. M was awarded a divorce. Nonetheless, the court ordered him to pay the agreed $40 per month for the support of the child. The record reflects that Mrs. M was represented by counsel, that he corresponded with her and advised her of the consequences if she did not respond to the pleadings and discovery process. Further, that counsel for Mr. M forwarded a copy of the decree to her counsel who in turn forwarded it to her which the latter said, in an affidavit, was not returned or acknowledged. So, after October, 1961, the divorce decree lay rusting some more and quite dormant for 11 more years 'til July 17, 1972, though Mrs. M said such repose was not the case with respect to his and her biological propensities which Mrs. M urges, figuratively speaking, were sporadic, at least, and according to the record, rare at most, but where Mr. M found himself reincarnated and married anew or in perpetuity to her. The apparent dry humor of the trial court in his memorandum decision, to the effect that "the whole case, its history and circumstances, present a very peculiar set of circumstances," not only is the understatement of the century since Solomon, but a frank confession of reality, maybe a twinge of something or other, but subservient or not to the wisdom of that venerable.

The trial court gave judgment to Mrs. M for arrearages in child support payments for $3,470, after deducting payments made.

Mr. M, a rodeo wrangler, rolled with the edict and accepted the amount with spurs aglow.

To dignify this case with any further documentation of facts, atmospherically controversial, where Mrs. M asks us to believe what *she* said, to the exclusion of what *he* said would be for us to trifle with the trial court's affectionate intelligence. We might do this in a proper case where a bias or abuse of discretion is reflected, amounting to prejudiciality mirrored by an unsavory negative motive quite disconnected from intellectuality,—not the case here.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.